IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOVAN HERNANDEZ RUBIO,           §
                                 §
            *Petitioner*,         §
                                 §
v.                               §        No. 1:26-CV-00040
                                 §
ORTEGA, *et al.*,                 §
                                 §
            *Respondents*.        §
                                 §

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jovan Hernandez Rubio's ("Petitioner")

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. # 1), and Federal

Respondents' Response (Dkt. # 4).

The Court finds this matter suitable for disposition without a hearing.

After careful consideration of the parties' briefings and the relevant law, the Court

**GRANTS** the Petition for Writ of Habeas Corpus (Dkt. # 1) for the reasons that

follow.

FACTUAL BACKGROUND

Petitioner Hernandez Rubio is a citizen of Mexico who is currently

detained at the T. Don Hutto Detention Center in Taylor, Texas. (Dkt. # 1 at 1.)

Around 1997, Petitioner entered the United States without inspection as a child.

(Id. at 3; Dkt. # 5 at 2; Dkt. # 5-2.) He has resided in the United States since then,

1

graduated high school from Travis High School in 2013, and previously was granted Deferred Action for Childhood Arrivals (DACA) status before its expiration. (Dkt. # 5 at 2.) Petitioner has one U.S. Citizen son who is 16 years old. (Dkt. # 1 at 4.)

On December 24, 2025, Petitioner was taken into ICE custody. (Id. at 4.) Petitioner requested a bond hearing, but the Immigration Judge found no jurisdiction, citing Matter of Yajure Hurtado. (Dkt. # 1 at 5; Dkt. # 4-2.) Thus, Petitioner is being held without the opportunity for a bond hearing.[1]

## PROCEDURAL HISTORY

On January 8, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. # 1.) On January 13, 2026, this Court ordered Respondents Sylvester M. Ortega, Director of San Antonio Field Office, United States Immigration and Customs Enforcement and Removal Operations;

---

[1] The Court notes that in denying Petitioner's request for a custody redetermination, the Immigration Judge found first that it did not have jurisdiction "hear bond requests or to grant bond to aliens who are present in the United States without admission," per Matter of Yajure Hurtado, but "in the alternative," the Immigration Judge nevertheless found that Petitioner poses a significant flight risk. (Dkt. # 4-2.) However, because the Immigration Judge found no jurisdiction, the remaining findings are insignificant. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 93-95 (1998) (declining to endorse the lower court's practice of issuing a finding on the merits after determining it lacked jurisdiction). Given this Court's finding that Petitioner's detention under §1225(b)(2) is in violation of the INA, it is immaterial that the Immigration Judge determined in dicta that Petitioner poses a flight risk, as Petitioner was detained under statutory authority that does not apply to him.

Kristi Noem, Secretary of the United States Department of Homeland Security; the

Department of Homeland Security ("DHS"); Pamela Jo Bondi, Attorney General,

United States Department of Justice; the Executive Office for Immigration Review

("EOIR"); and Charlotte Collins, Warden, T. Don Hutto Detention Center

(collectively, "Respondents") to show cause within three days as to why the

petition should not be granted.  (Dkt. # 3.)  The Federal Respondents[2] timely filed

a response to the Petition for Writ of Habeas Corpus.  (Dkt. # 4.)

## LEGAL STANDARD

"A district court may grant a writ of habeas corpus if a petitioner is in

federal custody in violation of the Constitution or federal law."  Buenrostro-

Mendez v. Bondi, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7,

2025) (internal citation and quotations omitted); 28 U.S.C. § 2241.  The habeas

petitioner "bears the burden of proving that he is being held contrary to law; and

because the habeas proceeding is civil in nature, the petitioner must satisfy his

burden of proof by a preponderance of the evidence."  Villanueva v. Tate, No. CV

H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation

and quotations omitted).  "A court considering a habeas petition must 'determine

---

[2] Respondent Collins, Warden of the T. Don Hutto Detention Center, has not joined
the response.

the facts, and dispose of the matter as law and justice require.'" Id. (quoting 28

U.S.C. § 2243).

DISCUSSION

Petitioner challenges his detention without bond under the "mandatory

detention" provision of the Immigration and Nationality Act ("INA"), 8 U.S.C.

§ 1225(b)(2).  (Dkt. # 1 at 26.)  He asserts that his detention under this provision is

a violation of the INA and the class certification order in Maldonado Bautista.[3]

(Id.)  In their Response, Federal Respondents claim that they lawfully detain

Petitioner under 8 U.S.C. § 1225(b)(2) and that Petitioner fails to overcome several

jurisdictional hurdles.  (Dkt. # 4.)  After reviewing the briefing, provided evidence,

and relevant law, the Court grants the petition for the same reasons stated in

Campuzano v. Noem, No. 1:25-CV-1715-DAE, 2026 WL 90062 (W.D. Tex. Jan. 6,

2026); Fabian-Granados v. Bondi, No. 1:25-CV-2068-DAE, 2026 WL 90061 (W.D.

Tex. Jan. 8, 2026); and Silva v. Bondi, No. 1:25-CV-2155-DAE, 2026 WL 90060

(W.D. Tex. Jan. 12, 2026).  The factual and legal issues presented in this case do

not differ in any material fashion from those presented in the identified decisions.

---

[3] Petitioner also asks the Court for relief pursuant to Maldonado Bautista v.
Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal.
Nov. 20, 2025).  (Dkt. # 1 at 20-26.)  Petitioner contends that he is a member of the
Maldonado Bautista Bond Eligible Class and so is entitled to release on bond under
8 U.S.C. § 1226(a).  (Id.)  He asserts that his denial of a bond hearing under
§ 1226(a) violates the Maldonado Bautista court's judgment in that case.  (Id.)

4

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b)(2); and (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one.  The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented.  Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

CONCLUSION

Accordingly, the Court **GRANTS** the Petition for Habeas Corpus. (Dkt. # 1.)  It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Jovan Hernandez Rubio from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 5:00 p.m. on January 23, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel by email (stephanie@austinimmigration.org) of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release**.

3. Respondents are enjoined from further detaining Petitioner under the asserted detention authority, 8 U.S.C. § 1225.  If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

4. The parties shall **FILE** individual status reports no later than **6:00 p.m. January 24, 2026**, detailing their compliance with this Order.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, January 21, 2026.

David Alan Ezra
Senior United States District Judge